# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11501 (CSS)<br><br>(Jointly Administered) |
| JOSEPH J. FARNAN JR. in his capacity as the LIQUIDATING TRUSTEE OF THE MAXUS LIQUIDATING TRUST,<br><br>Plaintiff,<br>v.<br><br>AON RISK SERVICES SOUTHWEST INC.,<br><br>Defendant. | Adv. Pro. No. 18-50491 (CSS) |

**AON RISK SERVICES SOUTHWEST INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550 AND OBJECTION TO CLAIM PURSUANT TO 11 U.S.C. § 502(d)**

Defendant, Aon Risk Services Southwest Inc. ("**Defendant**"), by and through its undersigned counsel, hereby responds to the Complaint and states as follows:

## NATURE OF THE CASE

1. Denied. The allegations and averments of paragraph 1 of the Complaint speak for themselves. To the extent a response is required, the allegations of paragraph 1 are denied. By

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042 (collectively, the "**Maxus Debtors**").

96976581.1

way of further answer, Emerald Oil, Inc. and its affiliated debtors (the "**Emerald Debtors**") have nothing to do with this action.

2. Denied. The allegations and averments of paragraph 2 of the Complaint speak for themselves. To the extent a response is required, the allegations of paragraph 2 are denied.

## JURISDICTION AND VENUE

3. Admitted.

4. Denied.

5. Admitted.

6. Admitted.

7. Denied.

8. Denied. The allegations and averments of paragraph 8 of the Complaint speak for themselves and as such no answer is required. Pursuant to Local Bankruptcy Rule 7008-1, Defendant does not consent to the entry of final orders or judgments by the United States Bankruptcy Court for the District of Delaware (the "**Court**") if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## THE PARTIES

96976581.1

- 3 -

14. Denied.

15. Denied.

## FACTUAL BACKGROUND

16. Denied.

17. Denied. After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 17 of the Complaint, and therefore such allegations are denied. By way of further answer, Defendant opposes any attempt by Plaintiff to amend the Complaint for any reason.

## COUNT 1 – TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE

18. Defendant repeats the responses set forth in Paragraphs 1 through 17 above with the same force and effect as if fully set forth at length herein.

19. Denied. Paragraph 19 of the Complaint contains only conclusions of law to which no response is required.

20. Denied.

21. Denied.

22. Denied.

23. Denied. By way of further answer, after reasonable investigation, Defendant lacks sufficient information form a belief as to the solvency of the Emerald Debtors.

24. Denied.

25. Denied. Paragraph 25 of the Complaint contains only conclusions of law to which no response is required.

## COUNT II – TO RECOVER AVOIDED TRANSFERS PURSUANT TO SECTION 550(a) OF THE BANKRUPTCY CODE

26. Defendant repeats the responses set forth in Paragraphs 1 through 25 above with the same force and effect as if fully set forth at length herein.

27. Denied. Paragraph 27 of the Complaint contains only conclusions of law to which no response is required.

28. Denied. Paragraph 28 of the Complaint contains only conclusions of law to which no response is required.

### COUNT III – DISALLOWANCE OF CLAIMS
### PURSUANT TO SECTION 502(d) OF THE BANKRUPTCY CODE

29. Defendant repeats the responses set forth in Paragraphs 1 through 28 above with the same force and effect as if fully set forth at length herein.

30. Denied. Paragraph 30 of the Complaint contains only conclusions of law to which no response is required.

31. Admitted in part and denied in part. Defendant admits that it has not paid any amount on account of any liability asserted by Plaintiff as a result of the Avoidable Transfers (as defined in the Complaint). Defendant denies that it has any such liability.

32. Denied. Paragraph 32 of the Complaint contains only conclusions of law to which no response is required.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against Defendant upon which relief may be granted.

2. The Debtors (as defined in the Complaint) were not insolvent at any time that the transfers identified in the Complaint (the "**Complaint Transfers**") were made.

- 5 -

3. The Complaint Transfers were not for or on account of an antecedent debt owed by the Debtors (as defined in the Complaint).

4. The Complaint Transfers were not made to or the benefit of a creditor of the Debtor (as defined in the Complaint).

5. The Complaint Transfers did not enable the Defendant to receive more than it would receive in a hypothetical chapter 7 case of the Debtors (as defined in the Complaint).

6. Plaintiff's attempt to disallow the claims of Defendant pursuant to 502(d) must fail because Defendant is not an entity from which property is recoverable pursuant to sections 542, 543, 550 or 553 of chapter 11 of title 11 of United States Code, 11 U.S.C. § 101, *et seq*. (the "**Bankruptcy Code**") or that is a transferee of the Complaint Transfers allegedly avoidable under sections 522, 544, 547, 548, 549 or 724 of the Bankruptcy Code.

7. Payments received by Defendant from the Maxus Debtors prior to June 17, 2016 (the "**Maxus Petition Date**") and within ninety (90) days of the Maxus Petition Date (any such transfer, a "**Maxus Transfer**" and collectively, the "**Maxus Transfers**") are not subject to avoidance under section 547(c)(2).

8. The Maxus Transfers were not made on account of antecedent debt.

9. Defendant did not receive more as a result of any Maxus Transfers than it would have in a hypothetical chapter 7 case of the Maxus Debtors.

10. The Maxus Transfers are not subject to avoidance under Section 547(c)(4) of the Bankruptcy Code.

11. The Maxus Transfers are not subject to avoidance under Section 547(c)(1) of the Bankruptcy Code.

12. Defendant was not the initial transferee of one or more of the Maxus Transfers.

96976581.1

13. Defendant was a mere conduit of one or more of the Maxus Transfers.

14. To the extent Defendant was a subsequent transferee of one or more of the Maxus Transfers, Defendant took such Maxus Transfers for value.

15. At all relevant times, Defendant acted in good faith and without knowledge of the voidability of any Maxus Transfer.

16. To the extent Defendant is found to have received a transfer that is subject to avoidance, Defendant asserts a right of setoff and/or recoupment with regard to indebtedness due by the Maxus Debtors to Defendant.

17. Defendant reserves the right to amend its Answer and assert additional Affirmative Defenses based on information and documents received during discovery in this matter.

**WHEREFORE**, Defendant respectfully requests that (i) the Court enter judgment in its favor and against Plaintiff on each and every claim for relief, (ii) Plaintiff take nothing by way of the Complaint, (iii) the Complaint be dismissed with prejudice, and (iv) the Court grant such other and further relief as is just and appropriate.

Dated: February 5, 2019

**DRINKER BIDDLE & REATH LLP**

*/s/ Joseph N. Argentina, Jr.*
Joseph N. Argentina, Jr. (DE No. 5453)
222 Delaware Ave., Ste. 1410
Wilmington, Delaware 19801-1621
Tel: (302) 467-4200
Fax: (302) 467-4201

*Counsel for Aon Risk Services Southwest, Inc.*